Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Tara C. Carmino**
Debtor(s)

Bankruptcy Case No.: 16–22089–CMB
Issued Per Nov. 17, 2016 Proceeding
Chapter: 13
Docket No.: 60 – 15
Concil. Conf.: February 23, 2017 at 03:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated June 22, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Feb. 23, 2017 at 03:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐ H. Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: November 21, 2016

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 16-22089-CMB
Tara C. Carmino                                                         Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel               Page 1 of 2              Date Rcvd: Nov 21, 2016
                              Form ID: 149             Total Noticed: 23

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 23, 2016.
db             +Tara C. Carmino,    741 Prince Street,   North Versailles, PA 15137-1137
cr             +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,   225 North Shore Drive,
                 Pittsburgh, PA 15212-5861
14240642       +Aaa Debt Rec,    Pob 129,   Monroeville, PA 15146-0129
14240643       +Aaron Sales & Lease Ow,    1015 Cobb Place Blvd Nw,   Kennesaw, GA 30144-3672
14306708        Directv, LLC,    by American InfoSource LP as agent,   PO Box 5008,
                 Carol Stream, IL  60197-5008
14240647       +Franklin American Mortgage Company,    425 Phillips Road,   Trenton, NJ 08618-1430
14308913       +Franklin American Mortgage Company,    Cenlar FSB,   425 Phillips BLVD,   Ewing, NJ 08618-1430
14240648       +Municipal Authority of Westmoreland Co.,    POB 800,   Greensburg, PA 15601-0800
14240649       +North Versailles Twp. Sani. Auth.,    1401 Greensburg Avenue,   Suite 4,
                 North Versailles, PA 15137-1630
14240650       +Peoples Gas Company,    POB 535323,   Pittsburgh, PA 15253-5323
14307738       +Pinnacle Credit Services, LLC its successors and,    assigns as assignee of Cellco,
                 Partnership d/b/a Verizon Wireless,    Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC 29603-0587
14240652       +Ray M. Milke,    c/o Daniel P. Beisler, Esq.,   41 Robbins Station Road,   Irwin, PA 15642-2012
14240653       +Recovery One Llc,    3240 Henderson Rd,   Columbus, OH 43220-2300
14240655       +UPMS,   2 Hot Metal Street,    Dist. Room 386,   Pittsburgh, PA 15203-2348
14309412        University of Pittsburgh Physicians,    PO Box 1123,   Minneapolis, MN 55440-1123
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14275836       +E-mail/Text: bankruptcy@cavps.com Nov 22 2016 02:30:25     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
14240644       +E-mail/Text: bankruptcy@firstenergycorp.com Nov 22 2016 02:30:04     Collection Service Cen,
                 839 5th Ave,    New Kensington, PA 15068-6303
14243501       +E-mail/Text: bankruptcy@cbtno.com Nov 22 2016 02:30:56     Crescent Bank & Trust,
                 P.O. Box 61813,   New Orleans, LA 70161-1813
14240645       +E-mail/Text: bankruptcy@cbtno.com Nov 22 2016 02:30:55     Crescent Bank And Trus,
                 5401 Jefferson Hwy Ste D,   Harahan, LA 70123-4232
14240646       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Nov 22 2016 02:30:54     Duquense Light Company,
                 411 Seventh Avenue,   POB 1930,   Pittsburgh, PA 15230-1930
14310245       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Nov 22 2016 02:30:54     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,   Bernstein-Burkley, P.C.,,   707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14240651       +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 22 2016 02:32:47
                 Pinnacle Credit Servic,    Po Box 640,   Hopkins, MN 55343-0640
14240654       +E-mail/Text: bankruptcy@sw-credit.com Nov 22 2016 02:29:59     Southwest Credit Syste,
                 4120 International Pkwy,   Carrollton, TX 75007-1958
                                                                                              TOTAL: 8

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              Franklin American Mortgage Company
                                                                                  TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2016                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 21, 2016 at the address(es) listed below:
          Donald R. Calaiaro    on behalf of Debtor Tara C. Carmino dcalaiaro@c-vlaw.com,
           cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com
          Gary William Short    on behalf of Debtor Scott A. Carmino garyshortlegal@gmail.com,
           gwshort@verizon.net
```

```
District/off: 0315-2          User: jhel                Page 2 of 2              Date Rcvd: Nov 21, 2016
                              Form ID: 149              Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          John F. Goryl    on behalf of Creditor    Franklin American Mortgage Company bkgroup@kmllawgroup.com
          Joshua I. Goldman    on behalf of Creditor    Franklin American Mortgage Company
           bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
           rive.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com

                                                                          TOTAL: 8